**Horner v. Wallace**

*Walter G. Stanton,* of *Stanton & Simmet,* for plaintiffs.

*Charles C. Brown, Jr.,* of *McQuaide, Blasko, Brown & Geiser,* for defendants.

CAMPBELL, P. J., March 25, 1971.—We are asked to dispose of a number of objections of defendants to plaintiffs' interrogatories in discovery proceedings. Plaintiffs' sixty-first interrogatory inquires of defendants whether or not they were insured on the date of the accident and, if so, the name of the company and the applicable limits of the policy. Defendants object to answering this interrogatory.

This court, in the case of Dashem v. Morehead, 6 Centre 193, 46 D. & C. 2d 563 (1969), has previously held that a defendant may be compelled to disclose insurance coverage and limits. We are asked to re-examine our position.

We acknowledge a sharp division of courts on this point in both State and Federal jurisdictions. It would serve no useful purpose to enumerate authorities because it has been so ably and recently done. We are impressed, however, by the fact that, effective July 1, 1970, the Federal Rules of Civil Procedure now provide that "A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment . . ." See rule 26(b)(2).

We see no good reason why a plaintiff suing in a Federal court is entitled to this information and one suing in a court of this State is not entitled thereto. Uniformity would be desirable. We feel that this court can make no contribution by reversing its position, and we urge both defendants to make it possible for the Supreme Court, either by judicial determination or by an amendment to Pa. R. C. P. rules, to settle the conflict in this State.

And now, to wit, March 25, 1971, we, therefore, enter the following order:

It having been stipulated by counsel for defendants that defendant, John Wallace, was not the agent, servant or employe of Thomas Wallace, nor was he on any business of Thomas Wallace at the time of the accident, counsel for plaintiffs, therefore, withdraws interrogatories 5, 6, 7, 10 to 13, inclusive and 15 to 22, inclusive. With respect to interrogatories 26, 27, 37, 43 and 44, defendants' objections are sustained. Defendants' objection to interrogatory 61 is overruled.